# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PATRICIA L. GUY,

        Plaintiff,

v.                                                         Case No. 08-C-0580

NEW GOLDEN GATE FUNERAL HOME,
MAUDIE LOVE, JAMES JOHNSON,
DELAWARE CORPORATION LSC,
ARTHUR REID, JR., RANDY GUY, JHON BELL,
NEW GOLDEN GATE REALTY CORPORATION,
and JUDGE GUOLEE,

        Defendants.

# ORDER

The *pro se* plaintiff, Patricia L. Guy, seeks leave to proceed *in forma pauperis* in this action against the defendants New Golden Gate Funeral Home, Maudie Love, James Johnson, Delaware Corporation LSC, Arthur Reid, Jr., Randy Guy, Jhon Bell, New Golden Gate Realty Corporation and Judge Guolee on claims that arise out of the death of her mother in July 2003. The plaintiff alleges that "[t]he defendants intentionally held the deceased mother of the plaintiff and intentionally refused to release the body so that the plaintiff could bury her mother." (Complaint at 3). The plaintiff further alleges that the defendants' actions violated Wis. Stat. §§ 445.125 and 445.14.

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to insure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To that end, § 1915(a) allows an indigent party

to commence an action in federal court without having to pay costs and fees. Access is not unlimited however. Congress recognized that some nonpaying litigants would try to abuse the privilege. Accordingly, it authorized the courts to dismiss a claim filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

The plaintiff's petition and affidavit for leave to proceed *in forma pauperis* states that she is single, unemployed, has no assets and receives $716.00 in social security benefits. She pays $580.00 for rent and $83.00 for utilities each month. From this, the court concludes that the plaintiff meets the poverty requirements of 28 U.S.C.§ 1915(a). Another question is whether the complaint is frivolous. A complaint is frivolous if it has no arguable basis in law or fact or if the petitioner is unable to make any rational argument in law or fact that would entitle her to relief. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325. The court has the authority to dismiss any claim based on an indisputably meritless legal theory and any claim whose factual contentions are clearly baseless.

Federal courts are courts of limited jurisdiction and may adjudicate a case only if there is both constitutional and statutory authority for federal jurisdiction. *See* Erwin Chemerinsky, *Federal Jurisdiction* at 248 (2nd ed. 1994). A person seeking to invoke federal jurisdiction has the burden of proof to demonstrate at the outset that the federal court has the authority to hear the case. *See McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 182-89 (1936); *see also, Moore*

- 2 -

*v. General Motors Pension Plans*, 91 F.3d 848, 850 (7th Cir. 1996). Every court has an independent responsibility to determine in every case whether it has subject matter jurisdiction and to dismiss the case if it concludes it does not. *See Pratt Central Park Ltd. Partnership v. Dames & Moore, Inc.*, 60 F.3d 350, 352-54 (7th Cir. 1995); *Ross v. Inter-Ocean Ins. Co.*, 693 F.2d 659, 660 (7th Cir. 1982).

The presence of federal question jurisdiction is determined by the plaintiff's complaint. A district court's federal question jurisdiction extends over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right necessarily depends on resolution of a substantial question of federal law," in that "federal law is a necessary element of one of the well-pleaded . . . claims." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 808 (1988) (citations omitted).

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The plaintiff's complaint alleges only state law claims against the defendants. Moreover, to the extent that the plaintiff's complaint can be construed to allege a 42 U.S.C. § 1983 claim against Judge Guolee, the only defendant who is a state actor, her suit is barred by the Eleventh Amendment and judicial immunity.

The Eleventh Amendment bars suits seeking damages against state officials in their official capacity and such officials are not "persons" for the purposes of 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Garcia v. City of Chicago, Ill.*, 24 F.3d 966, 969 (7th Cir. 1994). Additionally, any

claim against Judge Guolee in his individual capacity for money damages is barred by judicial immunity. In order to "safeguard principled and independent decision-making, a judge may not be held to answer in civil damages for those judicial acts committed in the exercise of his jurisdiction." *Eades v. Sterlinske*, 810 F.2d 723, 725 (7th Cir. 1987) (citing *Bradley v. Fisher*, 13 Wall. 335, 80 U.S. 335 (1872); *see also, Stump v. Sparkman*, 435 U.S. 349 (1978).

Absolute judicial immunity is "designed to free the judicial process from the harassment associated with litigation." *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (quoting *Burns v. Reed*, 500 U.S. 478, 494 [1991]), *cert. denied sub. nom., Sceifiers v. Vail*, 506 U.S. 1062 (1993). The defense of judicial immunity was not abrogated by Congress in enacting § 1 of the Civil Rights Act of 1871, now codified as 42 U.S.C. § 1983. *Eades*, 810 F.2d at 725.

The critical inquiry is whether the judge's actions were judicial acts which would shield him from liability for damages. To determine whether a judicial act is involved, two questions must be addressed: 1) is the conduct in question the kind normally performed by a judge; and, 2) was the plaintiff dealing with the judge in his judicial capacity. *Stump*, 435 U.S. at 362; *Eades*, 810 F.2d at 725-26.

The petitioner's specific allegations against Judge Guolee are that he:

> was aware that the will was not contested but yet he signed the judgement 5/10/04 #4-1564 and the will was filed a year before his judgment on August 4, 2003, and acknowledged by Robert Knobl as a legal will in probate registry. Judge Gugolee [sic] failed at duties conspiringly [sic]. He totally ignored the fact that the body was illegally stolen from the Home of I Plaintiff and dauther [sic] which was criminal violating Wis. Stat. 445.14 which was criminal. The Judge failed to

- 4 -

>    notice that the summons was addressed to Golden Gate Et, AL at the
>    main source of the complaint.

(Petition at 5). Therefore, in this case, both prongs are established. Judge Guolee made a determination relating to a case in which the plaintiff was involved and the plaintiff was dealing with Judge Guolee in his official capacity. The judge's action was a judicial act. Judicial immunity applies even when such acts are in excess of their jurisdiction and are alleged to have been done "maliciously or corruptly." *See Pierson v. Ray*, 386 U.S. 547, 554 (1967). Therefore, Judge Guolee is immune from the plaintiff's claim for money damages in her individual capacity.

Thus, based upon a review of the complaint, the court does not discern a cognizable claim under the Constitution, laws, or treaties of the United States. See id. Accordingly, there is no federal question upon which to base subject matter jurisdiction in this case. Thus, the court has subject matter jurisdiction over the plaintiff's complaint only if there is diversity of citizenship.

Section 1332 of Title 28 of the United States Code provides in relevant part:

(a) the district courts shall have original jurisdiction of all civil cases where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–

(1) citizens of different States[.]

To determine whether the jurisdictional amount is met, the court looks to the plaintiff's complaint along with the record as a whole. *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993). The plaintiff alleges that she lives in Milwaukee,

Wisconsin, and that some, if not all, of the defendants are citizens of this state, so the requirement of complete diversity is not satisfied. 28 U.S.C. § 1332(a)(1).

Accordingly, in light of the foregoing, the plaintiff's request to proceed *in forma pauperis* in this action will be denied and this action will be dismissed.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion to proceed *in forma pauperis* be and hereby is **DENIED** (Docket #2).

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of July, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge